25-1529
*Am. Ass'n of Univ. Professors et al. v. U.S. Dep't of Just. et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2025

(Submitted: March 12, 2026      Decided: May 14, 2026)

Docket No. 25-1529

AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS,
AMERICAN FEDERATION OF TEACHERS,

*Plaintiffs-Appellants*,

*- against -*

UNITED STATES DEPARTMENT OF JUSTICE, TODD BLANCHE, IN HIS OFFICIAL
CAPACITY AS THE ACTING U.S. ATTORNEY GENERAL, LEO TERRELL, IN HIS
OFFICIAL CAPACITY AS SENIOR COUNSEL TO THE ASSISTANT ATTORNEY
GENERAL FOR CIVIL RIGHTS AND HEAD OF THE DOJ TASK FORCE TO COMBAT
ANTI-SEMITISM, UNITED STATES DEPARTMENT OF EDUCATION, LINDA
MCMAHON, IN HER OFFICIAL CAPACITY AS THE U.S. SECRETARY OF EDUCATION,
THOMAS E. WHEELER, IN HIS OFFICIAL CAPACITY AS ACTING GENERAL
COUNSEL OF THE U.S. DEPARTMENT OF EDUCATION, UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN SERVICES, ROBERT F. KENNEDY, JR., IN
HIS OFFICIAL CAPACITY AS THE U.S. SECRETARY OF HEALTH AND HUMAN
SERVICES, SEAN R. KEVENEY, IN HIS OFFICIAL CAPACITY AS ACTING GENERAL
COUNSEL OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,
NATIONAL INSTITUTES OF HEALTH, MATTHEW J. MEMOLI, IN HIS OFFICIAL
CAPACITY AS THE ACTING DIRECTOR OF THE NATIONAL INSTITUTES OF HEALTH,

UNITED STATES GENERAL SERVICES ADMINISTRATION, STEPHEN EHIKIAN, IN HIS OFFICIAL CAPACITY AS ACTING ADMINISTRATOR OF THE U.S. GENERAL SERVICES ADMINISTRATION, JOSH GRUENBAUM, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE FEDERAL ACQUISITION SERVICE,

*Defendants-Appellees.*\*

————————

ON MOTION TO DISMISS THE APPEAL,
VACATE THE ORDER OF THE DISTRICT COURT, AND
REMAND WITH INSTRUCTIONS TO DISMISS AS MOOT

————————

Before:

CHIN, MENASHI, and KAHN, *Circuit Judges*.

————————

Joint motion to dismiss appeal, vacate order of United States District Court for the Southern District of New York (Vyskocil, *J.*), and remand with instructions to dismiss case as moot.  Motion GRANTED.

Judge Menashi dissents in a separate opinion.

————————

Matthew J. Murray, Eve H. Cervantez, Connie K. Chan, Juhyung Harold Lee, Jonathan Rosenthal, Altshuler Berzon LLP, San Francisco, CA; Rachel Goodman, Orion Danjuma, Protect Democracy

————————

\*      The Clerk of Court is respectfully directed to amend the caption as set forth above.

- 2 -

Project, New York, NY; Katie Schwartzmann, Protect Democracy Project, New Orleans, LA; and Richard Primus *for Plaintiffs-Appellants.*

Allison M. Rovner, Assistant United States Attorney, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY, *for Defendants-Appellees.*

CHIN AND KAHN, *Circuit Judges*:

The parties in this case jointly move to (1) dismiss the appeal, (2) vacate the district court's order, and (3) remand with instructions for the district court to dismiss the case as moot. Stipulation to Dismiss Appeal and Joint Motion to Vacate District Court Decision ("Joint Motion") at 1, *Am. Ass'n of Univ. Professors v. U.S. Dep't of Just.*, No. 25-1529 (2d Cir. Mar. 12, 2026), Dkt. No. 105. The dissent agrees that we should dismiss the case as moot but argues that the request for vacatur should be denied, reasoning that the matter has become moot due to circumstances attributable to plaintiffs-appellants labor organizations, the American Association of University Professors and the American Federation of Teachers (together, "Union Plaintiffs"). *See* Dissent at 5-6. The Government and Union Plaintiffs, however, have stipulated otherwise. *See* Joint Mot. at 3 ("The parties therefore agree that this action is now moot for

- 3 -

reasons *not fairly attributable to plaintiffs-appellants*.  The parties further agree that, in such circumstances, vacatur of the underlying decision is appropriate." (emphasis added)).  We see no reason to disregard the parties' stipulations.

Because we agree with the parties that the appeal is moot for reasons not fairly attributable to Union Plaintiffs and that therefore vacatur is proper, we grant the joint motion in all three respects.  We therefore DISMISS this appeal as moot, VACATE the district court's order denying Union Plaintiffs a preliminary injunction and dismissing the case for lack of standing, and REMAND to the district court with instructions to dismiss the case as moot.

### I.    *Mootness*

While the parties have stipulated that this appeal is moot for reasons "not fairly attributable to plaintiffs-appellants," they argue it became moot at different times.  *Id.*  Ultimately, the precise timing of mootness makes no difference here.

Union Plaintiffs filed this lawsuit against the Government to challenge its termination of approximately $400 million in federal funding to Columbia University ("Columbia") and its accompanying demand that Columbia commit to comprehensive programmatic and structural changes.  *See Am. Ass'n*

- 4 -

*of Univ. Professors v. U.S. Dep't of Just.*, No. 25-CV-2429, 2025 WL 1684817, at *1

(S.D.N.Y. June 16, 2025).  Columbia is not a party to this action.  The complaint

requested, *inter alia*, injunctive relief ordering the restoration of funding to

Columbia, injunctive relief prohibiting the Government from enforcing its

demand for reforms, prospective relief preventing the Government from

terminating over $5 billion in grants and contracts to Columbia, and damages.

Joint App'x at 110-11.  After Union Plaintiffs moved for a preliminary injunction

against the Government, the district court issued an order denying the motion

and dismissing the case for lack of standing.  *Am. Ass'n of Univ. Professors*, 2025

WL 1684817, at *1.  Union Plaintiffs promptly appealed to this Court.  Joint App'x

at 935.

While the appeal was pending, Columbia and the Government

struck a deal (the "Agreement").  *See* Joint Mot. at 2. In essence, the Government

agreed to restore the majority of the funding at the heart of this lawsuit, and

Columbia agreed to implement certain reforms.  *Id*. at 2-3.  In response to this

Agreement, Union Plaintiffs withdrew their requests for prospective equitable

relief and monetary damages, citing "changed circumstances caused by the

Agreement, actions of third parties, and other factors outside of [Union Plaintiffs'] control." *Id.* at 3.

The Government now argues that its Agreement with Columbia mooted the case. *Id.* Meanwhile, Union Plaintiffs contend that the Agreement did not "immediately moot their claims" but that the case has now "become moot" in part because they have agreed to withdraw their claims. *Id.*

We need not decide precisely when the case became moot. Whether the case became moot upon the execution of the Agreement or the Union Plaintiffs' withdrawal of their requests for relief, the key is that the case is moot and should be dismissed. *See Doe v. McDonald*, 128 F.4th 379, 385 (2d Cir. 2025) (explaining that a case is moot if it is "impossible for a court to grant any effectual relief whatever to the prevailing party" (citation modified)); *Town of Newburgh v. Newburgh EOM LLC*, 151 F.4th 96, 101 (2d Cir. 2025) (concluding that the appeal was moot because the relief sought was "no longer needed" (citation modified)). We therefore grant the motion to dismiss the appeal as moot. *See* Fed. R. App. P. 42(b).

## II.    *Vacatur*

As to vacatur, "[o]ur *Munsingwear* practice is well settled." *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 5 (2023). Where, as here, "a civil case becomes moot pending appellate adjudication, 'the established practice in the federal system is to reverse or vacate the judgment below and remand with a direction to dismiss.'" *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71 (1997) (alterations accepted) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). Courts grant vacatur liberally under such circumstances -- and for good reason. *See Newburgh EOM LLC*, 151 F.4th at 102 (referring to vacatur as "the default rule"); *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 121 (2d Cir. 2001) (noting that "courts have been liberal in granting vacatur" "[i]n the ordinary run of cases"). Our *Munsingwear* practice "clears the path for future relitigation of the issues between the parties" and ensures that unreviewable judgments do not "spawn[] any legal consequences." *Munsingwear*, 340 U.S. at 40-41.

Here, while the parties agree that the case is moot, vacatur turns on *how* the case has become moot. The appropriateness of vacatur in a particular case turns on equitable considerations and the specific "conditions and

- 7 -

circumstances."  *Azar v. Garza*, 584 U.S. 726, 729 (2018) (per curiam) (citation modified).  Chief among the relevant factors is "[t]he appellant's fault in causing mootness," which serves as the "touchstone" of our analysis.  *FDIC v. Regency Sav. Bank, F.S.B.*, 271 F.3d 75, 77 (2d Cir. 2001) (per curiam).  Thus, if an appellant voluntarily acts with the intent of mooting the appeal, vacatur is typically inappropriate.  *Id.*  If, however, the appeal becomes moot because of the "vagaries of circumstance" or the appellant's "good faith" actions, courts will generally grant the vacatur.  *Hassoun v. Searls*, 976 F.3d 121, 131-32 (2d Cir. 2020) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 25 (1994), and *Kerkhof v. MCI WorldCom, Inc.*, 282 F.3d 44, 54 (1st Cir. 2002)); *see also id.* at 127, 132-34 (granting the government's request for vacatur when habeas petitioner's appeal became moot following government's deportation of the petitioner).  In short, "[w]hen circumstances beyond an appellant's control render moot a judgment appealed from . . . the general duty to vacate and dismiss applies." *Bragger v. Trinity Cap. Enter. Corp.*, 30 F.3d 14, 17 (2d Cir. 1994).

While we agree with the dissent that we are not bound by the parties' agreement to vacate, *see* Dissent at 6, we are persuaded that the equities in this case favor vacatur.  The parties have stipulated that this case is now moot

"for reasons *not fairly attributable to plaintiffs-appellants*."  Joint Mot. at 3 (emphasis

added) (citing, *inter alia*, *Munsingwear*, 340 U.S. at 39).  Indeed, even assuming

this case became moot only upon Union Plaintiffs' withdrawal of their requests

for relief, Union Plaintiffs took this step because of the actions of others:

Columbia and the Government entered into the Agreement.  Consequently, both

Columbia and the Government played a role in "nudging this case toward . . .

mootness," *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 397 (2d Cir. 2022), and Union

Plaintiffs did not "simply decline[] to pursue [their] appeal" unilaterally,

*Blackwelder v. Safnauer*, 866 F.2d 548, 551 (2d Cir. 1989).  Nor is this a case where

plaintiffs have "obtain[ed] a favorable judgment, take[n] voluntary action that

moots the dispute, and [now seek to] retain the benefit of the judgment."

*Arizonans for Off. Eng.*, 520 U.S. at 75 (citation modified).  Rather, Union Plaintiffs

-- following their loss in the district court -- vigorously pursued their appeal and

only withdrew their remaining requests for relief *after* the Government and

Columbia entered into the Agreement, thereby obtaining the "primary relief"

Union Plaintiffs sought, *i.e.*, the restoration of federal funding to Columbia.

Appellees Br. at 49.  In other words, the Government's Agreement with

Columbia rendered Union Plaintiffs' lawsuit largely superfluous, even if not

entirely moot.[1]  Vacatur appropriately accounts for these changed "circumstances beyond [Union Plaintiffs'] control."  *Bragger*, 30 F.3d at 17.

Vacatur is also proper because it "harms neither party," *Hassoun*, 976 F.3d at 133 (citation modified), as indicated by the fact that the parties *jointly* move to vacate.  Further, the "only damage to the public interest from such a vacatur" is that this standing issue will be "left to future litigation," should it arise.  *Major League Baseball Props., Inc. v. Pac. Trading Cards, Inc.*, 150 F.3d 149, 152 (2d Cir. 1998).  The benefits of preventing the district court's unreviewable order from "spawning any legal consequences" outweigh this concern.  *Munsingwear*, 340 U.S. at 41; *see also Camreta v. Greene*, 563 U.S. 692, 713 (2011) (indicating that vacatur is appropriate when mootness prevents the review of a "legally consequential decision").  To hold otherwise could incentivize winners in the district court to all but moot cases on appeal, forcing plaintiffs to either "acquiesce in the judgment" below, *U.S. Bancorp Mortg. Co.*, 513 U.S. 18, 25 (1994),

---

[1]  The dissent asserts that we disagree with Union Plaintiffs that the "controversy continued" after the execution of the Agreement.  Dissent at 5.  We do not.  Instead, as we have explained, we assume without deciding that Union Plaintiffs are correct and that the case became moot only upon their withdrawal of the remaining requests for relief.  Even under this assumption, we conclude that vacatur is proper.

or engage in protracted litigation that can no longer possibly achieve the lawsuit's main goals.

The dissent maintains that vacatur is unwarranted because Union Plaintiffs' conduct mooted the case. *See* Dissent at 5-6. Our caselaw, however, imposes no universal rule against granting a *Munsingwear* vacatur merely because an appellant plays a role in mooting an appeal. Instead, our determination turns on the "circumstances of the particular case." *Garza*, 584 U.S. at 729 (citation modified). For example, in *Acheson Hotels, LLC v. Laufer*, the Supreme Court granted a plaintiff's request for a *Munsingwear* vacatur when she voluntarily dismissed her pending suits after a district court suspended her lawyer from the practice of law. 601 U.S. at 3-5. The Court reasoned that the plaintiff had not "abandoned her case in an effort to evade . . . review." *Id.* at 5; *cf. Arave v. Hoffman*, 552 U.S. 117, 118 (2008) (per curiam) (granting habeas petitioner *Munsingwear* vacatur after petitioner abandoned ineffective-assistance-of-counsel claim and declined to pursue relief related to that claim). So, too, here. Union Plaintiffs withdrew their requests for relief not to avoid our review but because the Agreement had already accomplished the lawsuit's chief goals.

The dissent also analyzes this case as akin to one in which mootness has resulted from settlement, thus undermining the suitability of vacatur. *See* Dissent at 3-4. Putting aside that the parties have not settled this case (as the dissent acknowledges, *see id.* at 4), while the dissent is correct that mootness by virtue of settlement *often* disentitles a losing party to a *Munsingwear* vacatur because the losing party has "voluntarily forfeited [that] legal remedy," *U.S. Bancorp Mortg. Co.*, 513 U.S. at 25, no bright-line rule dictates such an outcome. *See id.* at 29 ("This is not to say that vacatur can never be granted when mootness is produced [by settlement]."). Instead, we must consider the equities of the case before us. *See id.* at 26. As this Court has explained, the deliberate-action exception to our *Munsingwear* practice does not necessarily apply where, as here, "both parties have agreed on . . . vacatur of the judgment below." *Long Island Lighting Co. v. Cuomo*, 888 F.2d 230, 233 (2d Cir. 1989). In fact, the Supreme Court has exercised its discretion to order vacatur in a number of cases settled during the pendency of the Court's review. *See Manufacturers Hanover Tr. Co. v. Yanakas*, 11 F.3d 381, 384 (2d Cir. 1993) (collecting cases where the Supreme Court has exercised this discretion); *see also U.S. Bancorp Mortg. Co.*, 513 U.S. at 29 (explaining that vacatur may be granted if "exceptional circumstances" exist,

- 12 -

even where parties' settlement moots a case). This Court, too, has ordered

vacatur where the parties desired settlement and vacatur of the district court

decision. *See, e.g., Major League Baseball Props., Inc.*, 150 F.3d at 152. Here, the

parties have indeed jointly moved for vacatur under *Munsingwear*, and the

equities of this case counsel in favor of that disposition. *See U.S. Bancorp Mortg.*

*Co.*, 513 U.S. at 29.

Accordingly, because we see no reason to depart from our

"established [*Munsingwear*] practice," *Hassoun*, 976 F.3d at 125 (citation modified),

we grant the parties' joint request to vacate the order below.

### *CONCLUSION*

For the foregoing reasons, we DISMISS this appeal as moot,

VACATE the district court's order, and REMAND to the district court with

instructions to dismiss the case as moot.